UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2011 SEP 12  PM 4: 44

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| DENNIS & REBECCA BEAUDRY,<br><br>Plaintiffs,<br><br>v.<br><br>PROFESSIONAL ACCOUNTS<br>SERVICE, INC. and TODD A. BERRY,<br><br>Defendants. | CASE NO.<br><br>**2: 11 -cv- 0 2 3 9 JMS -WGH** |

## COMPLAINT

### I.     INTRODUCTION

1. This is an action for statutory and actual damages, costs of the action and a reasonable attorney's fee brought by Dennis & Rebecca Beaudry for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by Defendants.

### II.     JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337.

### III.     PLAINTIFFS

3. Plaintiffs are husband and wife and are residents of Jasonville, Indiana.

### IV.     DEFENDANTS

4. Defendant Professional Accounts Service, Inc. (hereinafter "PAS") is a for-profit domestic corporation with its principal place of business in Terre Haute, Indiana.

5. At all times referenced herein, PAS was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

6. Defendant Todd A. Berry (hereinafter "Berry") is an attorney licensed to practice in the State of Indiana; Berry's principal place of business is in Terre Haute, Indiana.

7. At all times referenced herein, Berry was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

## V.   STATEMENT OF FACTS

8. On June 13, 2011, Berry, on behalf of PAS, filed a small claims lawsuit in Green County Superior Court against Plaintiffs seeking the collection of an alleged consumer debt in the amount of $814.61 plus costs.

9. Plaintiffs do not, and did not on June 13, 2011, owe PAS $814.61.

10. On July 18, 2011, Plaintiff Rebecca Beaudry appeared at the Greene County Superior Court and met informally with Berry.

11. Berry asked Plaintiff Rebecca Beaudry for certain financial and personal identifying information, some of which she refused to provide.

12. When Rebecca Beaudry refused to provide some of the information requested by Berry, Berry told her that "the Court says you have to" or words to that effect.

## VI.   CLAIMS FOR RELIEF

### A. Fair Debt Collection Practices Act

13. Plaintiffs repeat, re-allege and incorporate by reference paragraphs one through nine above.

14. Defendants violated the Fair Debt Collection Practices Act. These violations include, but are not limited to:

   a. Attempting to collect a debt that Plaintiffs do not owe, in violation of 15 U.S.C. § 1692d;

   b. Falsely representing the amount and legal status of a debt, in violation of 15 U.S.C. § 1692e;

   c. Falsely representing that the state court required Plaintiff Rebecca Beaudry to disclose certain financial and personal identifying information upon Berry's oral request;

   d. Attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f.

15. As a result of these violations of the Fair Debt Collection Practices Act, Defendants are liable to Plaintiffs for their actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants in an amount that will compensate them for their actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

Respectfully submitted,

Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group
The Law Office of Robert E. Duff
380 Mount Zion Road, Suite C
Lebanon, IN 46052
800-817-0461
robert@robertdufflaw.com